

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

     - v. -             :       SEALED INDICTMENT

NICK MADDALONE, and        :       09 Cr.
PAUL MADDALONE,           :

           Defendants.   :

- - - - - - - - - - - - - - x

## COUNT ONE
### (Extortion Conspiracy)

The Grand Jury charges:

### Relevant Entities – Local 1181 and the
### Genovese Organized Crime Family

1.    Local 1181 of the Amalgamated Transit Union ("Local 1181"), was a union that represented approximately 15,000 bus drivers and bus escorts who worked for companies that contracted with the New York City Department of Education to provide students with school bus transportation to public schools throughout New York City, including in Manhattan and the Bronx.

2.    The Genovese Organized Crime Family is a criminal organization that is part of La Cosa Nostra, which is commonly referred to as the "mafia." The members and associates of the Genovese Organized Crime Family enrich themselves through crimes that involve making money through the use of threats, fear and intimidation, including extortion and labor racketeering. From at

least the 1980's, up through at least 2006, the Genovese
Organized Crime Family influenced and asserted control over Local
1181, including by appointing certain individuals to serve as
officers for Local 1181.

<u>The Defendants</u>

3.    From approximately 1984 through 2008, NICK
MADDALONE, the defendant, was a member, a delegate, an executive
board member, and an assistant trustee of Local 1181.

4.    From approximately 1993 through 2008, PAUL
MADDALONE, the defendant, was a member, a delegate, an executive
board member, and an assistant trustee of Local 1181.

<u>Co-Conspirators</u>

5.    From at least the 1980's through 2006, Salvatore
Battaglia, a/k/a "Hotdogs," was a member of Local 1181.  From
approximately 2000 until 2002, Battaglia was a delegate and
member of Local 1181's executive board.  In or about 2002,
Battaglia became the President of Local 1181, a position he held
until 2006.  Battaglia also was an associate and, later, a "made"
member, or "soldier," of the Genovese Organized Crime Family.
Among Battaglia's criminal activities as the President of Local
1181, and as part of the Genovese Organized Crime Family, were
his participation in extortion and labor racketeering.  From at
least in or about 2002 until in or about 2005, Battaglia
solicited, collected, and received illegal cash payments of tens

2

of thousands of dollars from bus company owners and operators whose employees were members of Local 1181, and from companies whose employees were not Local 1181 members. Battaglia used both his union status and his organized crime status as a means of inducing payment.

6. From at least the 1970's through 2006, Julius Bernstein, a/k/a "Spike," was a member of Local 1181. Bernstein was a member of the Local 1181 executive board from approximately 1993 through 2006, and was the Secretary-Treasurer of Local 1181 from approximately 2002 through 2006. Bernstein also was an associate of the Genovese Organized Crime Family. Among Bernstein's criminal activities as a member and officer of Local 1181, and an associate of the Genovese Organized Crime Family, were his participation in extortion and labor racketeering. From at least in or about the 1970's until in or about 2005, Bernstein solicited, collected and received illegal cash payments of tens of thousands of dollars from bus company owners and operators whose employees were members of Local 1181, and from companies whose employees were not Local 1181 members. Bernstein used both his union status and his organized crime status as a means of inducing payment.

<u>The Violation</u>

7. From at least in or about the 1980's until at least in or about 2006, in the Southern District of New York

3

and elsewhere, NICK MADDALONE and PAUL MADDALONE, the defendants, and others known and unknown, unlawfully, willfully, and knowingly combined, conspired, confederated, and agreed together and with each other to commit extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), by conspiring to obtain money and property from and with the consent of other persons, to wit, bus company owners doing business in interstate commerce, which consent would have been and was induced by the wrongful use of actual and threatened force, violence, and fear, and thereby would and did obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3).

(Title 18, United States Code, Section 1951.)

## COUNT TWO
(Extortion)

The Grand Jury further charges:

8.      Paragraphs 1 through 6 of this Indictment are repeated and realleged and incorporated by reference as though fully set forth herein.

9.      From at least in or about the 1980's until at least in or about 2006, in the Southern District of New York and elsewhere, NICK MADDALONE and PAUL MADDALONE, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did commit extortion, as that term is defined in Title 18, United

4

States Code, Section 1951(b)(2), by obtaining money and property
from and with the consent of other persons, to wit, bus company
owners doing business in interstate commerce, which consent was
induced by the wrongful use of actual and threatened force,
violence, and fear, and thereby would and did obstruct, delay,
and affect commerce and the movement of articles and commodities
in commerce, as that term is defined in Title 18, United States
Code, Section 1951(b)(3), to wit, NICK MADDALONE and PAUL
MADDALONE, together with other officers and employees of Local
1181, did demand, collect and receive unlawful cash payments from
bus company owners and operators, through intimidation, threats,
and fear of personal and economic harm.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT THREE
### (Conspiracy To Receive Labor Payments)

The Grand Jury further charges:

10.  Paragraphs 1 through 6 of this Indictment are
repeated and realleged and incorporated by reference as though
fully set forth herein.

11.  From at least in or about the 1980's until in or
about 2006, in the Southern District of New York and elsewhere,
NICK MADDALONE and PAUL MADDALONE, the defendants, and others
known and unknown, unlawfully, willfully, and knowingly did
combine, conspire, confederate, and agree together and with each

other to commit an offense against the United States, to wit, to
violate Section 186 of Title 29, United States Code.

          12.   It was a part and an object of the conspiracy that
NICK MADDALONE and PAUL MADDALONE, the defendants, and others
known and unknown, being officers and employees of a labor
organization which represented, sought to represent, and would
admit to membership, the employees of employers who were employed
in an industry affecting commerce, would and did request, demand,
receive, and accept, and agree to receive and accept, a payment,
loan, and delivery of money and other thing of value, from such
employers, associations of such employers, and persons acting in
the interest of such employers, in violation of Title 29, United
States Code, Section 186.

OVERT ACTS

          13.   In furtherance of the conspiracy and to effect the
illegal object thereof, the following overt acts, among others,
were committed in the Southern District of New York and
elsewhere:

          a.   In or about 2004, NICK MADDALONE, the
defendant, took a cash payment from a bus company whose employees
were members of Local 1181.

          b.   In or about 2004, PAUL MADDALONE, the
defendant, took a cash payment from a bus company whose employees
were members of Local 1181.

6

(Title 18, United States Code, Section 371.)

COUNT FOUR
(Unlawful Labor Payments)

The Grand Jury further charges:

14.   Paragraphs 1 through 6 of this Indictment are repeated and realleged and incorporated by reference as though fully set forth herein.

15.   From at least in or about the 1980's, up through and including in or about 2006, in the Southern District of New York and elsewhere, in the Southern District of New York and elsewhere, NICK MADDALONE and PAUL MADDALONE, the defendants, unlawfully, willfully, and knowingly, being officers and employees of a labor organization which represented, sought to represent, and would admit to membership, the employees of employers who were employed in an industry affecting commerce, did request, demand, receive, and accept, and agree to receive and accept, a payment, loan, and delivery of money and other thing of value, from such employers, associations of such employers, and persons acting in the interest of such employers, to wit, NICK MADDALONE and PAUL MADDALONE, together with other officers and employees of Local 1181, received payments from various bus company owners and operators whose employees Local 1181 either represented, sought to represent, or would admit to membership, and whose employees were employed in an industry affecting commerce.

(Title 29, United States Code, Section 186, and Title 18, United
States Code, Section 2.)

## FORFEITURE ALLEGATION

16.   As the result of committing the offenses alleged
in Counts One, Two, Three and Four of this Indictment, NICK
MADDALONE and PAUL MADDALONE, the defendants, shall forfeit to
the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28
U.S.C. § 2461, all property, real and personal, that constitutes
or is derived from proceeds traceable to the violations alleged
in Counts One through Four, including but not limited to a sum of
money equal to at least $1,000,000 in United States currency,
representing proceeds obtained as a result of the offenses
described in Counts One through Four of this Indictment, for
which the defendants are jointly and severally liable.

### Substitute Asset Provision

17.   If any of the property described above as being
subject to forfeiture, as a result of any act or omission of the
defendant(s)-

a.   cannot be located upon the exercise of
due diligence;

b.   has been transferred or sold to, or

deposited with, a third party;

c.   has been placed beyond the jurisdiction

of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property

which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any

other property of the defendants up to the value of the

forfeitable property.

(Title 18, United States Code, Section 981 and
Title 28, United States Code, Section 2461(c)).


_____
FOREPERSON

_Leo L. Dassin_
LEV L. DASSIN
Acting United States Attorney

9

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

NICK MADDALONE, and
PAUL MADDALONE,

Defendants.

## Indictment

09 Cr.

(Title 18, United States Code, Sections
1951, 371 and 2, and Title 29, United
States Code, Section 186.)

LEV L. DASSIN
Acting United States Attorney